Ehab M. Samuel (SBN 228296)
esamuel@orbitip.com
Louis L. Campbell (SBN 221282)
louis@orbitip.com
**ORBIT IP, LLP**
11400 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064
Tel.: (310) 887-1333
Fax: (310) 887-1334

Attorneys for Plaintiff,
NORTH STAR HOME, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NORTH STAR HOME, LLC, an Illinois Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>Defendant. | **Case No.:**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

## NATURE OF THE CASE

1. North Star Home, LLC ("North Star") brings this action against Amazon.com, Inc. ("Amazon") for direct infringement and induced infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*

## THE PARTIES

2. North Star is an Illinois limited liability company organized under the laws of the State of Illinois with its principal place of business at 1590 Milwaukee Avenue, Suite 215, Libertyville, Illinois, 60048.

3. Amazon is a Delaware corporation with its principal place of business at 410 Terry Avenue in Seattle, Washington.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the claims in this complaint under 28 U.S.C. §§ 1331, 1338(a), and 1367.

5. This Court has also subject matter jurisdiction under 28 U.S.C. § 1332 (diversity) because the parties are, respectively, citizens of Washington and Illinois, and the amount in controversy exceeds $75,000.

6. This Court has personal jurisdiction over Amazon because it does substantial business in this judicial district, including committing the acts of patent infringement described below.

7. Amazon has regular places of business in this judicial district, including 923 Westwood Boulevard, Los Angeles, California; 1620 26th Street, Santa Monica, California; and 40 Pacifica Avenue, Irvine, California.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b) because Amazon has committed acts of patent infringement in this district and has regular places of business in this district.

## FACTUAL BACKGROUND

9. North Star designs, manufactures, and sells high-quality cozy electric blankets made of micro-plush or sherpa fabrics, incorporating its Accu-Warmth™ technology. Every North Star blanket is tested in its internal quality control lab and verified by third-party agencies to meet or exceed global compliance standards. North Star primarily sells its electric blankets to major retailers such as Aldi, Target, BJ's, and Walmart.

10. North Star owns all rights, title, and interest in and to U.S. Patent No. 12,219,672 B2 ("the '672 Patent"), issued February 4, 2025, and entitled "Safe Heating Circuit and Electric Blanket Provided with Safe Heating Circuit." A true and correct copy of the '672 Patent is attached as **Exhibit A**.

11. Amazon operates a widely used retail website at amazon.com and enables third-party vendors to sell and distribute a variety of products to the public. While Amazon fulfills most user orders from third-party vendors through amazon.com, it also sells other products directly to its users.

12. Recently, North Star identified numerous electric blankets sold on Amazon.com that infringe the '672 Patent (the "Accused Products."). North Star is currently aware of at least 48 different sellers, each associated with a separate Amazon Seller ID, that offer the Accused Products for sale. A representative list of Accused Products is attached as **Exhibit B**.

**<u>COUNT I</u>**

**(Patent Infringement – 35 U.S.C. §§ 271*)***

13. The foregoing paragraphs are incorporated by reference as if fully set forth in this paragraph.

14. Amazon has been and is directly infringing the ’672 Patent by offering for sale, selling, and/or otherwise distributing the Accused Products in violation of 35 U.S.C. § 271. A representative claim chart illustrating how the Accused Products meet each element and limitation of at least one claim of the ’672 Patent is attached as **Exhibit C**.

15. Amazon’s infringement has injured and continues to injure North Star, which is entitled to recover damages adequate to compensate it for Amazon’s infringement.

16. North Star will continue to suffer irreparable injury unless and until Amazon is enjoined by this Court.

17. North Star is entitled to injunctive and compensatory relief, including attorneys’ fees and costs.

**<u>COUNT II</u>**

**(Induced infringement – 35 U.S.C. §§ 271)**

18. The foregoing paragraphs are incorporated by reference as if fully set forth in this paragraph.

19. Amazon has been and is actively inducing its sellers and vendors to infringe the ’672 Patent, by among other things, using, offering for sale, selling,

and/or otherwise distributing the Accused Products in violation of 35 U.S.C. § 271(b).

20. As shown above, Amazon's sellers have engaged in and currently engage in activities that constitute direct infringement of the '672 Patent. Amazon's affirmative acts of:

a. selling and/or offering for sale the Accused Products through its website;

b. advertising the benefits of its marketplace to sellers and potential sellers;

c. providing sellers with the platform to reach customers and the online tools to offer the Accused Products for sale, i.e., advertising and promoting the Accused Products;

d. interacting with purchasers of the Accused Products so as to enable sellers to complete transactions with Amazon as an intermediary, and without communicating directly with the purchasers; and

e. benefitting financially from the sales of the Accused Products through Amazon.com,

have induced and continue to induce Amazon's sellers to sell the Accused Products in their normal and customary form to infringe the '672 Patent.

21.Amazon's listings for the Accused Products on Amazon.com advertise and promote the benefits of using the Accused Products in ways that infringe the '672 Patent.

22. Amazon's induced infringement has injured and will continue to injure North Star, which is entitled to recover damages that are adequate to compensate it for the infringement.

23. North Star is entitled to injunctive relief and compensatory relief, including attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, North Star asks the Court to enter judgment in its favor and against Amazon and grant the following relief:

A. A determination that Amazon has infringed the '672 Patent;

B. An injunction permanently enjoining Amazon, and its officers, agents, employees, and all others in active concert or participation with it, or any of them, from doing any acts that infringe the '672 Patent;

C. An award of damages in an amount adequate to compensate North Star for Amazon's infringement of the '672 Patent.

D. A determination that this case is exceptional and an award to North Star of its reasonable attorney's fees pursuant to 35 U.S.C. § 285;

E. Enter a judgment and order that Amazon to take all steps necessary to deliver to North Star all remaining inventory of all Accused Products for destruction;

F. Enter a judgment and order requiring Amazon to file with the Court and serve on North Star a written report under oath setting forth in detail its compliance with the injunction within thirty days; and

G. Any further relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Perceptix demands a trial by jury of all issues and claims which are so triable.

DATED: August 21, 2026

Respectfully submitted,

ORBIT IP, LLP

By: /s/ Ehab M. Samuel
Ehab M. Samuel (CA SBN 228296)
Louis L. Campbell (SBN 221282)

*Attorney for North Star Home, LLC*